IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OMAR GRAYSON, )
)
    Plaintiff, )
)
v. ) Case No. 15-cv-981- RJD
)
JODY GOETTING, )
)
    Defendants. )
)

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff and Defendant (Docs. 72, 80). The Court has reviewed the motions, and any responses thereto, and sets forth its rulings as follows:

**Plaintiff Omar Grayson's Motions in Limine (Doc. 72)**

1. Plaintiff seeks to exclude evidence relating to the details of his felony convictions, as well as the underlying details of the felony convictions of any third-party witnesses, arguing any such evidence is unduly prejudicial and not relevant to any claims at issue. Defendant opposes Plaintiff's motion, asserting they intend to offer evidence of Plaintiff's prior convictions under Rule 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purpose of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value

is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendant may introduce evidence that Plaintiff, as well as any third-party witness, has been convicted of felonies and was incarcerated with the Illinois Department of Corrections for an extended period of time. Defendant shall not introduce evidence identifying the specific crimes for which Plaintiff was incarcerated.

2. Plaintiff seeks to bar any evidence of disciplinary actions unrelated to the subject matter of this case, excluding those disciplinary actions pertaining to Plaintiff's claim of infringement of his First Amendment right to practice his religion regarding maintenance of his hair. Defendant does not intend to offer evidence of Plaintiff's disciplinary history unless such history becomes relevant because of Plaintiff's testimony or the testimony of a witness. Plaintiff's motion is **GRANTED**.

3. Plaintiff seeks to bar any evidence of other lawsuits filed by Plaintiff arguing any probative value is outweighed by the danger of jury bias against a chronic litigant. Plaintiff asserts one exception is the case *Grayson v. Schuler*, 666 F.3d 450 (7th Cir. 2012) arguing this case is binding precedent because *Schuler* found discrimination in the application of IDOC's grooming policy towards Plaintiff and factual matters litigated therein with parties in privity with defendant are res judicata or subject to the offensive collateral estoppel principles. Plaintiff argues this should be the only prior litigation allowed in evidence as it is directly on point with the claim at issue.

Defendant objects to Plaintiff's motion to the extent it seeks to bar Defendant from using

Plaintiff's deposition transcripts, complaints, discovery, or any other documents in any other lawsuit filed by Plaintiff for the purposes of impeachment. Defendant further objects to Plaintiff's motion to the extent it seeks a determination that *Grayson v. Schuler*, 666 F.3d 450 (7th Cir. 2012) is admissible evidence in this trial. Defendant argues the *Schuler* decision is not admissible as evidence for either of the two reasons proffered by Plaintiff. Defendant asserts the only remaining claim in this case is against him in his individual capacity and that the claim does not address whether Plaintiff's rights were violated at some other time by some other persons. Defendant argues that to the extent Plaintiff seeks to use *Schuler* to show the jury what the law is, Plaintiff should be barred from doing so, as the jury would then be tasked with interpreting the jury instructions as well as the case law which would be confusing and wholly improper. Additionally, Defendant argues res judicata and collateral estoppel do not bind Defendant Goetting to the facts in *Schuler* because the 7th Circuit did not find discrimination but determined there appeared to be discrimination at the summary judgment stage and remanded the case to the district court for a final decision on the merits. Defendant argues *Schuler* did not arise from the same operative facts in this case, and in fact took place at a different correctional facility. Defendant argues Plaintiff should be limited to eliciting testimony and admitting evidence actually related to the incident at Pinckneyville from which the claim arises. Defendant further argues *Schuler* is inadmissible hearsay and the unfair prejudice to Defendant vastly outweighs the non-existent probative value of the *Schuler* decision.

Plaintiff's motion is **GRANTED IN PART**. Defendants are barred from introducing any evidence or testimony of other lawsuits filed by Plaintiff, except for purposes of impeachment. Further, Plaintiff is barred from eliciting testimony or introducing evidence concerning the *Schuler* case.

**Defendant's Motions in Limine (Doc. 80)**

1. Defendant seeks to prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify the Defendant. Plaintiff does not object to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

2. Defendant seeks to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving the Defendant. Plaintiff asserts he does not plan to offer testimony regarding Defendant's prior involvement with other lawsuits, but that the topic could arise in live testimony. Plaintiff argues the motion is premature and should be determined when the issue arises. Defendant's motion is **GRANTED**. Plaintiff shall be barred from offering evidence or testimony of other lawsuits involving the Defendant.

3. Defendant seeks to prohibit Plaintiff from offering evidence or testimony of any misconduct by, or discipline or reprimand against Defendant. Plaintiff argues nothing in pre-trial disclosures suggest evidence of prior misconduct or discipline of Defendant and Plaintiff is not interested in reviewing allegations of other unrelated misconduct with the fact finder. Plaintiff argues if any such evidence arises as the trial proceeds, the court should make the determination at the time. Defendant's motion is **GRANTED**. Plaintiff shall be barred from offering evidence or testimony of any misconduct by, or discipline or reprimand against Defendant.

4. Defendant seeks to prohibit Plaintiff from making any "golden rule" appeal. Plaintiff objects to the motion as nothing provided in Plaintiff's pre-trial disclosure suggest a "Golden Rule" appeal will be made to the jury. Defendant's motion is **GRANTED**. Plaintiff shall be barred from setting forth any argument or testimony that the jury place itself in Plaintiff's position or engage in a hypothetical wherein the jurors are asked to place themselves in Plaintiff's position.

5. Defendant seeks to prohibit Plaintiff from offering inadmissible hearsay statements of any mental health conditions. Defendant argues the out-of-court statements made by a mental health professional not contained in admissible medical records and offered by Plaintiff are inadmissible hearsay. Plaintiff does not object to this motion. Defendant's motion is **GRANTED**.

6. Defendant seeks to prohibit Plaintiff from referencing claims unrelated to the claims proceeding to trial, including those already dismissed by this Court. Defendant anticipates Plaintiff will try to elicit testimony or admit documentation concerning the forcible shearing of Plaintiff's dreadlocks at other times and in other facilities. Defendant argues any incidents, testimony, or documentation unrelated to Plaintiff removing his dreadlocks in late 2013 are wholly irrelevant to Plaintiff's claim in this case. The question in this case is whether the actions taken by Defendant Goetting in 2013 violated Plaintiff's rights under the First Amendment.

Plaintiff objects to this motion. Plaintiff argues introduction of evidence of prior incidents and lawsuits demonstrates that the injustice suffered by Plaintiff has been ongoing and deliberate. Plaintiff further argues this evidence goes to Plaintiff's state of mind and to the sincerity of his religious belief.

Defendant's motion is **GRANTED**. Plaintiff shall be barred from referencing claims unrelated to the claims proceeding to trial.

**IT IS SO ORDERED.**

**DATED: January 14, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**